**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Judge John L. Kane

Criminal Action **No. 11-cr-00149-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff,

       V.

**HERBERT B. AGUIRRE, JR.,**

    Defendant.

_____

ORDER
_____

    Defendant Herbert B. Aguirre, Jr., is charged with giving false deposition testimony in a bankruptcy proceeding in violation of 18 U.S.C. Section 152 (s).  On April 27, 2011, the parties notified me that they had reached a disposition and a hearing was scheduled for a change of plea.

    In anticipation of that hearing, the parties submitted a proposed plea agreement that included a waiver of Defendant's right to appeal his sentence unless (1) it exceeded the statutory maximum, (2) I departed or varied upward from the applicable sentencing Guideline range, (3) I determined the offense level is greater than 12 (assuming the advisory Guidelines were followed) or (4) the Government exercised its right to appeal the imposed sentence.  At the hearing, I notified the parties that I would not accept the proposed plea agreement because of the appellate waiver.

This case is now before me on the parties' Joint Motion to Reconsider Order Rejecting Plea Agreement (doc. 18). Although appellate waivers are permissible, a court is not compelled to accept them. Because the parties have failed to justify including the appellate waiver, their joint motion is DENIED.

## ANALYSIS

It is beyond dispute that "[a] defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." *United States v. Hernandez,* 134 F.3d 1435, 1437 (10th Cir. 1998).[1] The parties' focus on the legality of such a waiver is misplaced.

My refusal to accept the plea agreement is not premised on a belief that a defendant's waiver of his right to appeal is *per se* illegal. In fact, the acceptance of such a waiver is squarely within my discretion. *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). The proper exercise of discretion, however, requires a case-specific inquiry, which "results in a decision based upon what is fair in the circumstances and guided by the rules and principles of law." *Bueno v. U.S. Bankruptcy Court*, 248 B.R. 581, 582 (D. Colo. 2000) (cited with approval in *Valley Forge Ins. Co. v. Health Mgmt. Partners, Ltd*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

I refused to accept the plea agreement because neither the Government nor the Defendant adequately justified including an appellate waiver. Although an agency's policy considerations may motivate including appellate waivers in plea agreements, such generalized considerations are the very tissue of *ipse dixit* and cannot justify an appellate waiver in this or any case. A contrary result would reduce the exercise of judicial discretion to a meaningless formality.

---

[1] Though not mentioned, the right to appeal is also implicit in the Constitution's due process clause.

In 18 U.S.C. § 3553(a), Congress set out criteria for courts to follow so that a sentence, in the interests of justice, would be sufficient but not greater than necessary to comply with the following purposes:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed ----
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training , medical care, or other correctional treatment in the most effective manner.

The parties have presented nothing to show how a waiver of the right to appeal relates to the statutory purposes of sentencing. For what purpose, if any, is such a waiver requested?

A waiver does nothing to promote respect for the law,[2] reflect the seriousness of the offense or provide for just punishment. Nor have the parties offered any indication that a waiver deters criminal conduct or protects the public from further crimes by the defendant or provides the defendant with training, care, or treatment. Precisely why a waiver is in the interest of advancing the statutory purposes of sentencing is left to unfettered speculation — the antithesis of the exercise of reasonable discretion.

The parties present no facts or data to which reason can be applied. Instead they assert that the waiver is a chip in the plea bargaining game. That is irrelevant to the judicial function and the statutory mandate. On the other hand, appellate review of any *nisi prius* decision is indisputably in the interests of justice and an established provision of law.

---

[2] A waiver implies just the opposite: that a statutory provision does not deserve to be observed.

CONCLUSION

Because the parties have failed to articulate any case-specific factors justifying Defendant's waiver of the right to appeal, I will not accept the proposed plea agreement. If case-specific reasons sufficient to consider a waiver of established rights as a matter of justice are ever presented, an exercise of the judicial function may properly ensue.

The parties shall have until August 1, 2011 to contact my chambers to schedule a trial date or present an acceptable plea agreement that does not include a waiver of defendant's right to appeal or seek other post-conviction remedies. The Motion to Reconsider is DENIED.

DATED: July 25, 2011                      BY THE COURT:

                                                      **/s/ John L. Kane**
                                                      Senior U.S. District Judge